JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702.388.6336
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL ALEXANDER HODGE,<br><br>　　　　Defendant. | Case No. 2:23-mj-01066-DJA<br><br>**ORDER to Extend Deadlines to Conduct Preliminary Hearing and File Indictment (Third Request)** |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender and Benjamin F. Nemec, Assistant Federal Public Defender, counsel for Paul Alexander Hodge, ("Hodge"), that the Court vacate the preliminary hearing scheduled for June 10, 2024, at 4:00 p.m. and reschedule the hearing for a date and time convenient to this Court, but no sooner than 90 days from the current date. This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 21 days of a released defendant's initial appearance, *see* Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, *see* 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but . . . no later than 21 days [after the initial appearance] if [the defendant is] not in custody . . . ."

2. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

3. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

4. Defendant needs additional time to review the discovery and investigate potential defenses.

5. Both counsel for the government and counsel for the defense need additional time to prepare for the preliminary hearing.

6. Moreover, the parties have agreed to try to negotiate a global resolution to include the revocation violations[1] and the fraud matter in an attempt to promptly resolve these cases and reduce the judicial and government resources required by this case. The defense requires additional time to adequately advise Hodge regarding any plea negotiations.

---

[1] Supervised Release Revocation Petitions are pending in case number 2:21-CR-00200-RFB-VCF and in case number 2:21-cr-93-KJD-BNW.

7. The additional time requested herein is not sought for the purposes of delay, but to allow counsel for Defendant sufficient time to effectively and thoroughly research and prepare defenses and to determine whether to proceed with a preliminary hearing and indictment or to resolve this case through negotiations.

8. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 90 days from the currently scheduled date.

9. Defendant is out of federal custody, agrees to the extension of the 21-day deadline imposed by Rule 5.1(c) and the 30-day deadline imposed by 18 U.S.C. § 3161(b), and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that an information or indictment is filed on or before the preliminary hearing date ordered pursuant to this stipulation.

10. The parties agree to the extension of these deadlines.

11. Accordingly, the additional time requested by this stipulation is (a) allowed under Federal Rule of Criminal Procedure 5.1(d); and (b) excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12. This is the third request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 5th day of June, 2024.

Respectfully submitted,

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| */s/ Benjamin F. Nemec*<br>By_____<br>Benjamin F. Nemec<br>Assistant Federal Public Defender | */s/ Kimberly M. Frayn*<br>By_____<br>KIMBERLY M. FRAYN<br>Assistant United States Attorney |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:23-mj-01066-DJA |
|---|---|
| Plaintiff, | **Order on Stipulation to Continue Preliminary Hearing and Deadline to Indict Defendant** |
| v. | |
| PAUL ALEXANDER HODGE, | |
| Defendant. | |

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled for June 10, 2024, at the hour of 4:00 p.m., be vacated and continued to September 23, 2024 at 4:00 p.m., Courtroom 3A.

DATED this 6th day of June, 2024.

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE